NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ 07361
Telephone: (201) 871-1333
Facsimile: (201) 871-3161
Attorneys for Debtor
By: Brian G. Hannon, Esq.  (BH-3645)
    bhannon@norgaardfirm.com

**Order Filed on June 12, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

|  |  |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE |
| NAKERA TAMEKA SHERMAN-BELIN,<br>    Debtor. | Chapter 13<br><br>Case No. 25-13800-VFP |

# ORDER GRANTING RELIEF FROM THE STAY WITH RESPECT TO THE DEBTOR'S DIVORCE

The relief set forth on the following page is hereby **ORDERED**.

**DATED: June 12, 2025**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Debtor: Nakera Tameka Sherman-Belin
Case No. 25-13800 (VFP)
ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(1)

    THIS MATTER came to the attention of the Court upon the motion of the Debtor for an Order modifying he automatic stay and waiving the fourteen (14) day stay of the effectiveness of the order of Fed. R. Bankr. P. 4001(a)(3)(the "Motion"); and adequate notice of the Motion having been provided, and the Court having considered the pleadings filed in connection the with Motion, together with the oral arguments of counsel, if any; and good cause shown;

    It is **ORDERED** as follows:

1.     The Motion shall be, and hereby is, GRANTED.

2.     The Debtor is hereby granted relief from the automatic stay with respect to her divorce proceeding bearing docket number FM-12-1462-25, to exercise all of the rights and remedies under applicable law with respect to the marital estate of the Debtor.

3.     Nothing in this Order shall modify, alter or otherwise affect the Debtor's required compliance with 11 U.S.C. Sec. 363, 327, 328, 503 nor Fed. R. Bank. P 6004. Accordingly, the Debtor must still seek court approval via motion to appoint a realtor, to appoint real estate counsel, and for an order approving the eventual sale of any real property. Additionally, any determination as to equitable distribution or liquidation of assets that may impact upon property of the Bankruptcy Estate must first obtain the approval of the Bankruptcy Court before being finalized.

4.     The stay set forth in Rules 4001(a)(3) and 7062 of the Federal Rules of Bankruptcy shall not apply to this Order and the Order shall be effective immediately.