# Exhibit A

Norgaard  O'Boyle & Hannon
184 Grand Avenue
Englewood, NJ 07631
(201) 871-1333
Gary K. Norgaard PC Fed. #22-3150094


Nakera Sherman-Belin                                                    August 8, 2025


Our Invoice #:   42672
Our File #:      25-067N

Re:        Nakera Sherman-Belin - 25-067N
           Bankruptcy CH13
           Opened 3/20/25 - Assn'd to BGH/DT
           Retainer Requested $3,500 & $313 Filing Fee


**Filed on 4/11/25 - Case #25-13800**

Professional Services

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 3/25/2025 | DT | Received over 20 emails from client with information for the file, saved all provided documents to file, exchanged a couple emails with client requesting she resend a couple things | 1.00 | |
| 3/28/2025 | BH | Listen to voicemail; discuss matter with paralegal | 0.30 | |
| | BH | Phone call with client about the case; review matter and discuss with paralegal | 0.40 | |
| | AM | Phone call with client | 0.20 | |
| 3/31/2025 | BH | Read and respond to emails; review matter | 0.20 | |
| 4/7/2025 | BH | Read and respond to emails; review documents from client; discuss with paralegal | 0.60 | |
| 4/8/2025 | BH | Phone call with paralegal; read and review emails | 0.40 | |
| | BH | Phone call with client about the case; review draft petition | 0.40 | |
| 4/9/2025 | BH | Read and review emails | 0.20 | |
| 4/11/2025 | BH | Work on petition and plan; prepare for filing | 1.00 | |
| 4/15/2025 | BH | Read and review court notices; discuss what I need done with paralegal | 0.20 | |
| 4/18/2025 | BH | Read and review Proof of Claim; review documents from client | 0.30 | |
| 4/22/2025 | BH | Read and review court notices | 0.10 | |
| 4/23/2025 | BH | Read and review email from client | 0.10 | |
| 4/30/2025 | BH | Draft Motion for Relief; phone calls with client and paralegal; review Proof of Claim filed | 1.40 | |
| 5/21/2025 | BH | Read and review POCs; discuss matter with paralegal; discuss Jeep issue with paralegal | 0.30 | |

Nakera Sherman-Belin

| | | | Hours | Amount |
|---|---|---|---|---|
| 5/27/2025 | BH | Phone call with client about the case; prepare for meeting; attend 341(a) meeting | 0.70 | |
| 5/28/2025 | BH | Read and review Proof of Claim; discuss matter with paralegal | 0.20 | |
| | BH | Read and review trustee's objection; discuss with paralegal | 0.30 | |
| 6/4/2025 | BH | Read and respond to emails from trustee; discuss with client and paralegal; resolve matter | 0.40 | |
| 6/5/2025 | BH | Read and review POC | 0.10 | |
| 6/9/2025 | BH | Read and review emails; discuss with paralegal | 0.20 | |
| 6/12/2025 | BH | Read and review POCs; edit Order for relief and email trustee | 0.40 | |
| 6/16/2025 | BH | Read and review POC | 0.10 | |
| 6/18/2025 | BH | Read and review POCs | 0.10 | |
| 6/19/2025 | MEN | Read and respond to email RE closing. | 0.10 | |
| | BH | Phone call with client | 0.10 | |
| | BH | Phone call with client; discuss matter with paralegal | 0.50 | |
| 6/27/2025 | BH | Read and review emails from the trustee on the matter; review matter and the secured claims issue | 0.40 | |
| 7/2/2025 | BH | Read and review emails from client; discuss with paralegal | 0.20 | |
| 7/14/2025 | BH | Read and review email from trustee; discuss matter with paralegal | 0.30 | |
| 7/18/2025 | BH | Read and review email from objecting creditor; review terms | 0.20 | |
| 7/25/2025 | BH | Read and review emails; review objections and the plan; discuss with paralegal | 0.60 | |
| 8/4/2025 | BH | Read and respond to emails from trustee and adversaries; phone calls with both adversaries; review issues and resolve objections; review terms; phone call with client; emails with parties to get all matters resolved | 1.20 | |
| 8/5/2025 | BH | Read and review emails and terms of confirmation; review case; discuss with paralegal | 0.50 | |
| 8/6/2025 | BH | Read and review emails; review Order; discuss with paralegal | 0.40 | |
| 8/7/2025 | BH | Read and review matter; review Orders - edit same; emails with adversary | 0.60 | |
| 8/8/2025 | BH | Phone call from client | 0.20 | |
| | BH | Read and respond to emails from adversary; review matter and Order | 0.30 | |
| 3/20/2024 | DT | Received a new file email from Alondra, sent detailed email to client with the list of information needed for same | 0.10 | |
| 3/18/2025 | KM | Prepared Ch13 Retainer Agreement and sent to the client via email. Created Outlook entry | 0.50 | |
| 3/24/2025 | DT | Spoke with client regarding her Ch13 and information we need, answered her questions and we ran her credit reports over the phone obtained 2 out of 3 reports and saved to file | 0.40 | |
| 4/7/2025 | DT | Received email from client with a notice of wage garnishment for the Affinity FCU lawsuit, saved to file, spoke to client regarding same | 0.20 | |
| 4/8/2025 | DT | Reviewed emails from client regarding the recent notice of wage garnishment advising bank counsel of our retention; received email from Saldutti's office asking for copy of bankruptcy | 0.10 | |
| | DT | Sent reply to Saldutti's office confirming we have been retained and BK petition is in process and will be filed very soon | 0.10 | |
| | DT | Sent email to Brian with the drafts of petition, fee disclosure and plan for his meeting with client late this evening | 0.10 | |
| | DT | Received email from Brian with a copy of the signed petition with edits from the petition review meeting, saved signed draft with edits to file | 0.10 | |

Nakera Sherman-Belin

|  |  | | Hours | Amount |
|---|---|---|---|---|
| 4/9/2025 | DT | Exchanged emails with client regarding a new auto loan she obtained today, client returning the Jeep, client provided lender and codebtor info for new vehicle | 0.10 | |
| | DT | Sent email to client to request Jason's paystubs for the petition and file; received a couple of emails from client with copies of statements for file, reviewed and saved same | 0.20 | |
| | DT | Worked on Bk petition to update account balances per statements received today | 0.20 | |
| | DT | Received additional emails from client with a business checking/savings account with Navy FCU for Make Me Over, LLC, saved to file and added to petition, sent confirming email back to client | 0.20 | |
| | DT | Ran KBB for new 2021 Nissan Rogue worked on BK petition to added new car and move Chrysler debt | 0.20 | |
| 4/10/2025 | DT | Sent email to client with the Ch13 fee disclosure and Ch13 plan for her review and signature. | 0.10 | |
| | DT | Received email from client with questions about fee disclosure, etc. ; sent reply email addressing same. | 0.10 | |
| | DT | Exchanged emails with client, worked on edits to petition | 0.30 | |
| | DT | Exchanged more emails with client she advised she will return the 2015 Ram ProMaster in the next day or two, updated the BK petition, saved revised draft to file and sent email to Brian | 0.50 | |
| 4/11/2025 | DT | Spoke to client she received my email and authorized us to proceed with filing the Ch13; received email with the signature pages for the fee disclosure and CH 13 plan and saved to file | 0.10 | |
| | DT | Forwarded court email with the proof of the Ch13 filing to client to confirm her case was filed today | 0.10 | |
| | DT | Sent email to Saldutti Law Group with the proof of the Ch13 petition; received a reply email confirming receipt and advising they will release wage execution | 0.10 | |
| | DT | Filed Ch13 petition with the Court, saved filed receipt and filed copies of everything to the file | 0.40 | |
| 4/14/2025 | DT | Exchanged emails with client regarding the return of the Jeep and Ram | 0.10 | |
| 4/15/2025 | DT | Sent detailed email to client with the filed petition, plan, 341a letter, notice of Ch13 case, notice to commence plan payments, 2nd course info and provided the zoom link with meeting id and passcode as well as date and time for same and requested client complete 2nd course and provided Ch13 payment info | 0.10 | |
| | DT | Received email forwarded from Brian advising of an undeliverable notice for Saldutti Law Group, drafted change of address and saved to file | 0.10 | |
| | DT | Filed Change of Address for Saldutti Law Group on docket, saved filed receipt and filed copy to file | 0.10 | |
| | DT | Received 2 Court emails with filed Notice of Appearances filed by Rebecca McDowell and Thomas O'Connell of Saldutti law Group for Affinity FCU saved both to file | 0.10 | |
| | DT | Received Court email with the notice of Ch13 case with 341a meeting info and Notice to commence Ch13 plan payments, saved both to file; drafted 341a letter and saved to file | 0.20 | |
| | DT | Received Court email with the date and time for the confirmation hearing; drafted pre-confirmation certification and forwarded same to client to sign and return | 0.20 | |

Nakera Sherman-Belin                                                                                                    Page     4

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 4/17/2025 | DT | Sent 2nd request follow up for the signed pre-confirmation certification | 0.10 | |
| 4/21/2025 | DT | Sent 3rd request email to client for the signed pre-confirmation certification | 0.10 | |
| | DT | Sent email to client to request a copy of her most recent post Ch13 paystub | 0.10 | |
| | DT | Sent follow up email to client for the status of the 2nd course certification | 0.10 | |
| | DT | Received email from client with a copy of her most recent post Ch13 paystubs for 4/15/25, saved to file | 0.10 | |
| | DT | Received email from client with the signed Pre-Confirmation Certification signature page, saved to file, sent confirming email back to client | 0.10 | |
| | DT | Filed pre-confirmation certification with the Court, saved filed receipt and filed copy | 0.10 | |
| 4/22/2025 | DT | Received email from client and Hananwill; saved 2nd course certification to file; sent confirming email to client | 0.10 | |
| | DT | Filed 2nd course certification with the Court, saved filed receipt and filed copy of same to file | 0.10 | |
| 4/23/2025 | DT | Received letter from Wells Fargo confirming the bankruptcy regarding one of their accounts with the Debtor, saved and forwarded same to client via email | 0.10 | |
| | DT | Organized the documents, redacted tax returns and saved redacted copies to file; uploaded documents to trustee site for the upcoming 341a meeting | 0.50 | |
| 4/28/2025 | DT | Received letter from Truist Bank confirming the CH13 Bk filing, saved and forwarded letter to client via email | 0.10 | |
| 4/29/2025 | DT | Sent email to client with a reminder of the upcoming 1st trustee payment for May, 2025; received confirming email from client requesting update on the motion | 0.10 | |
| | DT | Sent email to Brian advising the client has requested a status update on the motion for relief to proceed with the divorce | 0.10 | |
| 4/30/2025 | DT | Client confirmed receipt of the certification, awaiting signed copy for filing | 0.10 | |
| | DT | Received Court email with a notice of appearance filed by Denise Carlon, Esq. for M&T Bank, saved and added Denise to service list for motion | 0.10 | |
| | DT | Per Mark's request finalized the motion for relief, drafted certificate of service and drafted and saved service list; emailed debtor certification to client to sign and return | 0.50 | |
| | MEN | Discuss with partner. Call Adam Brown. | 0.20 | |
| 5/1/2025 | DT | Sent follow up email to client for the signed certification so we can file motion for relief with the Court | 0.10 | |
| | DT | Filed motion to proceed with divorce with the Court, saved filed receipt and filed copies of same to file | 0.20 | |
| | DT | Copied and mailed the filed motion to all parties via regular mail | 2.00 | |
| 5/5/2025 | DT | Received letter from Peritus Portfolio/Westlake confirming the Ch13 case, saved and forwarded to client via email | 0.10 | |
| | DT | Sent email to client to advise of my call with Peritus rep; received email with attorney consent form Brian executed same, scanned and saved executed attorney consent to file | 0.10 | |
| | DT | Sent email to client to advise Attorney Consent form was received and will be returned today; emailed executed attorney consent to Peritus who confirm receipt of same | 0.10 | |
| | DT | Received a confirming email from client advising that Westlake never picked up the Truck; placed call to Peritus Portfolio to inquire about voluntarily surrendering the vehicle, spoke to rep who will email a consent form | 0.20 | |

Nakera Sherman-Belin                                                                                    Page    5

|  |  | Hours | Amount |
|---|---|---|---|
| 5/6/2025 DT | Received email from client advising that her soon to be Ex husband wants to payoff the Dodge debt to Westlake and she was going to call Westlake for payoff | 0.10 | |
| DT | Sent reply to client advising her that she has to call Peritus not Westlake; client confirmed accordingly | 0.10 | |
| DT | Phone call with client to discuss the options with the Truck and payments to M&T bank | 0.10 | |
| 5/9/2025 DT | Received Court email with a Notice of Appearance filed by William Craig, Esq. for Santander Bank/Chrysler Capital, saved to file | 0.10 | |
| 5/22/2025 DT | Per client's request resent email with Zoom link for Tuesday's 341a meeting | 0.10 | |
| 5/27/2025 DT | Pulled signed petition and gave to Brian for  today's 341a meeting, uploaded the 5/15 post-petition paystub to BK documents, sent email to client to request the proof of 2nd job income for May, 2025 when available | 0.20 | |
| DT | Received email from client with the April, 2025 commission statement for 2nd job, sent confirming email back to client, saved to file | 0.10 | |
| 5/28/2025 DT | Received Court email with Ch13 Trustee's objection to confirmation, reviewed and saved to file, uploaded the April, 2025 proof of income for 2nd job; May, 2025 report not available yet | 0.10 | |
| 5/30/2025 DT | Received Court email with the Trustee's limited objection to the motion for relief to all divorce to proceed and Certificate of service, reviewed and saved same | 0.10 | |
| 6/9/2025 DT | Received email from client asking for update on the motion for relief to allow divorce to proceed, sent reply advising motion was settled and an order will be entered | 0.10 | |
| 6/10/2025 DT | Received Court email with hearing results confirming the motion for relief was resolved and an order will be submitted | 0.10 | |
| DT | Received a transfer letter from Citibank transferring a CC debt to Resurgent, saved and forwarded Citi transfer letter to client via email | 0.10 | |
| 6/12/2025 DT | Reviewed email from Brian to Joe Petrolino with the amended relief order requesting Joe's approval on same so we can forward to chambers | 0.10 | |
| DT | Received email from Joe Petrolino with the approval of the added language in the relief order, forwarded the amended order to chambers for filing copying Joe with same | 0.10 | |
| 6/16/2025 DT | Received Court email with the filed order granting relief to allow debtor's divorce to proceed, saved and forwarded to client via email | 0.10 | |
| 6/19/2025 DT | Received email from information regarding the realtor she will be using; sent reply email to client to request additional info | 0.10 | |
| DT | Spoke with client regarding the appointment of the realtor, she advised she will use our office as counsel to the sale of her property; sent email to Brian and Mark | 0.10 | |
| DT | Copied draft of an application to appoint realtor and related pleading to file; worked on same, awaiting additional info from client | 0.70 | |
| 6/25/2025 DT | Received email with a picture of the repo receipt for the Dodge truck she forget to send, send confirming reply to client | 0.10 | |
| DT | Received transfer letter from Citi advising a credit card debt was transferred to Resurgent, saved letter and forwarded to client via email | 0.10 | |
| DT | Received Court email with a filed objection to confirmation filed by Rebecca McDowell, Esq. for Affinity FCU, reviewed and saved to file | 0.10 | |
| 7/7/2025 DT | Received Court email confirming the confirmation hearing date has been rescheduled to 8/7/25 @ 8:30am, firm calendar was already updated | 0.10 | |

Nakera Sherman-Belin                                                                                    Page    6

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 7/10/2025 | DT | Received Court email with a filed objection to confirmation filed by Matthew K Fissel, Esq for M&T Bank, reviewed and saved to file | 0.10 |  |
| 7/18/2025 | DT | Received email from Denise Carlon, Esq. with proposed terms to resolve the pending objection to confirmation; sent email to Brian regarding same | 0.10 |  |
| 7/25/2025 | DT | Received email from client with her new address effective 8/1/2025, sent confirming email back to client advisng we will draft and file change of address on or after 8/1/25 accordingly | 0.10 |  |
|  | DT | Received a follow up email from Denise Carlon, Esq regarding her offer to resolve the objection to confirmation on for 8/7/25; sent a reply to Denise | 0.10 |  |
| 4/18/2025 | DT | Received Court email with a proof of claim filed by Santander Bank/Chrysler for unsecured auto lease balance, forwarded filed claim to client via email | 0.10 |  |
| 5/1/2025 | DT | Received Court email with a Proof of Claim filed by Discover Bank for credit card balance due; saved and forwarded filed claim to client via email | 0.10 |  |
| 5/21/2025 | DT | Received Court email with a Proof of Claim filed by Affinity FCU for a judgment balance for a business debt, saved and forwarded filed claim to client via email | 0.10 |  |
|  | DT | Received Court email with a Proof of Claim filed by Affinity FCU for a judgment balance for an auto loan deficiency, saved and forwarded filed claim to client via email | 0.10 |  |
| 5/22/2025 | DT | Received email from client in response to the Affinity FCU filed claims stating she disagrees with the amounts due; reviewed claims again and placed call to client to discuss same; claims are based off entered judgments | 0.20 |  |
| 5/27/2025 | DT | Received Court email with a proof of claim filed by Westlake/Peritus Portfolio for the auto loan balance and arrears, saved and forwarded the filed claim to client via email | 0.10 |  |
| 5/28/2025 | DT | Received confirming email from client advising she is having vehicle picked up by creditor; sent a reply accordingly, also received call from client with questions post surrender | 0.10 |  |
| 5/30/2025 | DT | Received Court email with a Proof of Claim filed by Bank of America for credit card balance, saved and forwarded filed claim to client via email | 0.10 |  |
| 6/5/2025 | DT | Received Court email with a Proof of Claim filed by Service Finance Company for the home Improvement loan balance, saved and forwarded claim to client via email | 0.10 |  |
| 6/10/2025 | DT | Received Court email with a 2nd proof of claim filed by Bank of America for a 2nd CC balance due, saved and forwarded the filed claim to client via email | 0.10 |  |
|  | DT | Received Court email with a Proof of Claim filed by Wells Fargo Bank for CC balance due, saved and forwarded the filed claim to client via email | 0.10 |  |
| 6/11/2025 | DT | Received Court email with a proof of claim filed by Jefferson Capital/Lowes for the CC balance due, saved and forwarded filed claim to client via email | 0.10 |  |
| 6/12/2025 | DT | Received Court email with a proof of claim filed by Jefferson Capital/Syncb Paypal for the CC balance due, saved and forwarded filed claim to client via email | 0.10 |  |
| 6/16/2025 | DT | Received Court email with a Proof of Claim filed by LVNV/Citi/Home Depot for the CC balance due, saved and forwarded filed claim to client via email | 0.10 |  |
|  | DT | Received Court email with a Proof of Claim filed by LVNV/Citi/Thank You MC for the CC balance due, saved and forwarded filed claim to client via email | 0.10 |  |

Nakera Sherman-Belin

| | | | Hours | Amount |
|---|---|---|---|---|
| 6/16/2025 | DT | Received Court email with a Proof of Claim filed by LVNV/Barclays for the CC balance due, saved and forwarded filed claim to client via email | 0.10 | |
| | DT | Received Court email with a Proof of Claim filed by M&T Bank for the mortgage balance and arrears due, saved and forwarded the filed claim to client via email | 0.10 | |
| 6/17/2025 | DT | Received Court email with a Proof of Claim filed by Santander Consumer for the auto loan balance, saved and forwarded the filed claim to client via email | 0.10 | |
| | DT | Received a reply email from client regarding the M&T Bank claim, stating her EX was supposed to be making those payments, sent reply advising per claim there have bee no payments for just over a yr now | 0.10 | |
| | DT | Received Court email with another proof of claim filed by Santander Bank; received a 2nd Court email with a withdrawal of 2nd Santander Bank claim, didn't save either to file | 0.10 | |
| | DT | Received email from client about the Santander Consumer claim advising she is current on same, sent a reply advising that is exactly what the claim states | 0.10 | |
| 6/18/2025 | DT | Received Court email with a Proof of Claim filed by Portfolio Recovery/Cap One for CC balance owed, saved and forwarded filed claim to client via email | 0.10 | |
| | DT | Received Court email with a Proof of Claim filed by Portfolio Recovery/Capital One/BJs for CC balance owed, saved and forwarded filed claim to client via email | 0.10 | |
| 6/23/2025 | DT | Received Court email with a Proof of Claim filed by Synchrony/AIS/Amazon for the credit card balance due, saved and forwarded the filed claim to client via email | 0.10 | |
| 5/21/2025 | DT | Received Court email with a Motion for Relief filed by Santander Bank for the 2023 Jeep Cherokee, saved to file, sent email to client to confirm this is the vehicle she returned | 0.10 | |
| | DT | Received email from client confirming the 2023 Jeed was returned; sent reply email advising we will disregard the filed motion and allow the relief to be entered; updated firm calendar accordingly | 0.10 | |
| 7/8/2025 | DT | Received Court email confirming the motion for relief filed by Santander for the Jeep Cherokee will be decided on the papers, awaiting filed order | 0.10 | |
| 4/8/2025 | DT | Worked on the edits to the BK petition, saved updated draft to file and emailed same to Brian | 1.00 | |
| | DT | Opened up new matter on Best Case and worked on BK petition, exchanged emails with client and spoke to client as well; drafted Ch13 fee disclosure and CH13 plan | 5.50 | |
| 4/21/2025 | MEN | Review email from partner. Review marital agreement and motion. | 0.20 | |
| | MEN | Meet with partner to discuss. Begin drafting motion for relief. | 0.80 | |
| 4/22/2025 | MEN | Finish MFR. | 1.50 | |
| 4/30/2025 | MEN | Final revisions to MFR. Coordinate filing. | 0.30 | |
| | | For professional services rendered | 41.20 | $9,778.00 |

Nakera Sherman-Belin                                                                    Page      8

Additional Charges :

|  |  | Amount |
|---|---|---|
| 4/11/2025 | Filing Fee - U.S. Bankruptcy Court | 313.00 |
| 5/1/2025 | Copies - 1,593 | 318.60 |
|  | Postage | 116.29 |
| 8/4/2025 | Postage | 115.10 |
|  | Total additional charges | $862.99 |
|  |  |  |
|  | Total amount of this bill | $10,640.99 |

Accounts receivable transactions

| 4/17/2025 | Payment from account - Gary K. Norgaard PC Fees | ($3,000.00) |
|---|---|---|
|  | Total payments and adjustments | ($3,000.00) |
|  |  |  |
|  | Balance due | $7,640.99 |

Please make checks payable to Gary K Norgaard PC

Client funds transactions

|  | Previous balance of client funds | $0.00 |
|---|---|---|
| 4/2/2025 | Deposit to account - Nakera Sherman-Belin. Check No. Swiped | $3,000.00 |
| 4/17/2025 | Payment from account - Gary K. Norgaard PC Fees | ($3,000.00) |
|  | New balance of client funds | $0.00 |

## Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Alondra Martinez | 0.20 | 90.00 | $18.00 |
| Brian Hannon, Esq. | 13.90 | 425.00 | $5,907.50 |
| Dave Takach, Paralegal | 23.50 | 125.00 | $2,937.50 |
| Kathleen Martini | 0.50 | 125.00 | $62.50 |
| Mark E. Norgaard, Esq. | 3.10 | 275.00 | $852.50 |

# Exhibit B

# LEGAL RETAINER AGREEMENT FOR CHAPTER 13 BANKRUPTCIES
### Norgaard, O'Boyle & Hannon
(A trade name of Gary K. Norgaard, PC)
### 184 Grand Ave.
### Englewood, New Jersey 07631
### (201) 871-1333
### www.norgaardfirm.com

March 18,2025

Nakera Sherman-Belin
1209 Central Avenue
Plainfield, NJ 07080
908-315-6624
teairah@yahoo.com

The undersigned client(s) (hereinafter "Client" or "You") agrees to retain the Firm of Norgaard, O'Boyle & Hannon (hereinafter "the Firm") as bankruptcy counsel for a Chapter 13 proceeding. This agreement is designed to memorialize the general nature and scope of the Firm's employment.

1.    **The services to be rendered:**

a.    Review documents provided by you to the Firm, calculate monthly disposable income and complete the various calculations essential for filing.

b.    Prepare and file a petition for relief under Chapter 13 of the Bankruptcy Code, including, but not limited to, schedules, Statement of Financial Affairs, Statement of Intention, Plan of Reorganization, and all required initial filing submissions.

c.    Copy and provide to the Chapter 13 Trustee copies of: (a) paystubs for the past 60 days; (b) tax returns or transcripts for the past 2 years; (c) valuation for any real property and any mortgage payoff(s); and (d) any other documents reasonably requested by the Trustee in Your case.

d.    Represent you at the initial § 341(a) Meeting of Creditors and plan confirmation hearings

e.    Filing of Certificate of Credit Counseling (pre-petition) and Financial   Management Certification (post-petition).

f.    To give legal counsel throughout the pendency of the proceedings.

**Initial Retainer Deposit: The firm seeks <u>compensation for its service on an hourly</u> basis based on the rates set forth below; the client agrees to compensate the firm on such basis. As an initial retainer deposit toward the final bill, the client(s) agree to pay the amount of with <u>$3,000.00</u> due prior to commencement of the Bankruptcy Case subject to increase through fee**

**applications during the course of the case, to be paid through the Chapter 13 plan. The client shall pay the amounts required prior to commencement of the Chapter 13 Case as follows:**

a. $750.00  upon execution hereof. This and all other payments will be credited toward any bankruptcy filed within six months of the first meeting with the firm.

b. $500.00  upon the request of the firm when the time value of the services provided exceeds the amount of the initial deposit, and each time the time value of the services provided by the firm exceeds the amount paid to date, until the fee is paid in full.

### ALL WORK ON THE MATTER WILL CEASE UNTIL ANY REQUESTED INSTALLMENT IS PAID

c. Any unpaid funds are to be paid immediately prior to the filing of the petition with the Court, along with $313.00[1] representing the Court filing fee.

d. The Firm will not file the chapter 13 petition until all amounts due prior to filing are received, including the filing fee.

You represent to us that the source of this retainer in this matter is your own assets and earnings.

4. **Hourly Rates; Additional Compensation.**  Specifically, this agreement contemplates hourly billing for the Chapter 13 case, whether it be contested of not. The fee arrangement shall be $175.00 per hour for law clerks, $150 for paralegals, $250.00 to $325.00 per hour for associate attorney time and $375.00 to $425.00 per hour for partner and "of counsel" time. In the event that the initial retainer, as set forth above, is exhausted, the client shall pay an additional fee (subject to Court approval, if required) equal to the hourly rate of the Firm as set forth herein. In other words, once the initial retainer is exhausted through hourly billing applying the above rates, the Firm specifically reserves the right to make application to the Court for an enhanced fee in excess of the retainer deposit originally provided due to the additional time expended by the Firm.

5. This retainer agreement contemplates representation of the Client in Chapter 13 Bankruptcy Case only. This agreement does not require the Firm to represent the Client in the prosecution or defense of any Adversary Proceeding brought or to be brought before the Bankruptcy Court, or to represent the Client in any other lawsuit or matter brought or to be brought before any other Court or tribunal. In the event that the client desires representation in an adversary proceeding in Bankruptcy Court or in any other lawsuit or matter before any other court or tribunal, the Firm will require the Client to make a separate and additional retainer agreement.

6. In the event the matter is converted to chapter 7 the firm will charge an additional retainer fee of $750.00 for services in the chapter 7 and the hourly billing set forth able will apply. This fee will not be subject to court approval and must be paid within ten (10) days of conversion or

---

[1] Or as revised by the courts.

representation in chapter 7 will not be assumed.

7.      All disbursements, Court costs and allowances are to be paid in addition to the above counsel fees.  Debtor(s) authorize counsel to apply to the Court for these additional fees unless debtor(s) pay them directly.

8.      **NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO THE UNDERSIGNED AS TO ANY RESULTS IN THE SUBJECT PROCEEDINGS.** I (we) understand that we may lose our property, real or personal, including our home, in these proceedings and accept this risk with full knowledge.  Further I (we) have fully discussed all potential risks and effects of these proceedings, have disclosed all relevant facts to my attorneys, and have executed the attached information sheet after fully reviewing the same.

9      **Failure to File.**      *If no petition is filed within 180 days of the first consultation, any payments received towards the retainer will not serve as a credit toward the final fee and the undersigned agree to pay for all services rendered up to the date the debtor(s) advises the Firm of the intention not to proceed, at the hourly rates set forth herein, and the Firm shall have no further obligations to the debtor(s).*

10.      **Withdrawal by Law Firm.**  If you fail to cooperate with the Firm, the Court or the Trustee or fail to honor any term hereof, including the prompt payment of any fee or expense provided for herein, the Firm reserves the right to withdraw as your attorney and may file a proof of claim and/or petition the court, for any unpaid fees or expenses.  Client agrees that failure to make payment to the Firm shall constitute a material breach of our retention agreement and the Firm shall have the right to withdraw from its representation and, if necessary, make application to the Court to be formally relieved as counsel, in such event, client agrees to cooperate with the Firm's efforts to be relieved as counsel by obtaining replacement counsel at the earliest possible opportunity.  In the event it becomes necessary to pursue collection efforts to recover amounts owed to the Firm, the client will be responsible to reimburse the Firm for all reasonable attorneys' fees and expenses in doing so.

11.      **Judgment Liens.**      Judgment liens that have been entered will not be automatically removed from the New Jersey State Court records even if a discharge in bankruptcy terminates your legal responsibility to pay the underlying debt.  As such the New Jersey Statutes (N.J.S.A. 2A:16-49.1) may permit you to file a motion in the state court, after the bankruptcy discharge, to clear those judgment liens of record.  This retainer does not require the firm to make such a motion in the state court unless specifically provided for in the retainer agreement to the contrary.

12.      **Billing.**      Regular bills will be sent for all additional legal services as provided above, which must be paid in full upon receipt.  The Firm may require that costs and expenses be paid in advance.

13.      **Tax Consequences.**  You are aware that the filing of a Voluntary Petition for Bankruptcy under Title 11 of the United States Bankruptcy Code may have certain tax consequences which require analysis by a tax professional.  You further understand that this Firm will not render any tax advice, and you are urged to consult with your tax professional.

14.    **Crimes related to transfer of asset.**  The client acknowledges that the Firm is not engaged in the practice of criminal law and does not represent the client with regard to any criminal statute, procedure or otherwise.  The client further acknowledges that it has been advised that the knowing and intentional transfer or concealment of assets for the purpose of placing the assets beyond control of a bankruptcy trustee or other fiduciary may subject the client to criminal liability pursuant to the MONEY LAUNDERING CONTROL ACT (18 U.S.C. §1956, 1957); THE COMPREHENSIVE THRIFT AND BANK FRAUD PROSECUTION AND TAX PAYER RECOVERY ACT of 1990 (Omnibus Crime Bill 1990); THE UNITED STATES CODE related to bankruptcy crimes (18 U.S.C. §152) and/or the INTERNAL REVENUE CODE (§7206 and/or 7212 et seq.) and specifically, that the client has been advised to disclose all transfers of whatever nature and in detail and with particularity that have occurred within the three years preceding the execution of this agreement and to discuss any subsequent transfers in advance or out of the ordinary course of the client's business in advance of such transfer.

15.    **Conflicts of Interest.**      No attorney, including this Firm, can represent entities that have conflicting interests.  The undersigned clients may have now or may develop conflicts of interest wherein one action may be to the benefit of one client, but potentially to the detriment of the other.  In the event any conflicts of interest now exist or potentially could arise, you acknowledge that we have discussed the same, and that after due consideration, disclosure and discussion, you as the client(s) consciously and affirmatively agree to waive the conflict of interest now existing or hereafter arising.  You may revoke this waiver of conflict of interest or potential conflict of interest only in writing and the same shall be effective only upon receipt of the revocation and only after an appropriate time to adequately react to same.

You are aware that when we are representing a husband-and-wife, potential for conflict of interest is significant and you are aware of the consequences of this waiver of conflict.

16.    **Exclusion regarding actions of prior counsel.**      Client acknowledges that the Firm assumes no responsibility for any actions taken by any attorney, Firm, representative, agent or party of any nature whatsoever in connection with the matter for which the Firm is retained, or any matter which the Firm handles on behalf of the client, as a result of any acts or omissions taken by any party other than the Firm itself, including prior counsel.

17.    **Document Retention and Destruction.** It is not the policy of this Firm to retain any original documents.  Clients are solely responsible for the integrity and location of all original documents.  This Firm will make copies of any documents which it needs, at the client's expense in accordance herewith, and all originals will be returned to the client as expeditiously as possible.  It will be the client's responsibility to marshal and produce whatever original documents are necessary at the time the same become legally required in the opinion of the Firm.

The client acknowledges that the Firm cannot maintain its file(s) perpetually.  As a result, it is agreed that the Firm may destroy any and all files, documents, records, computer contents or other information in its possession after the passage of *three years* from receipt of such documentation.  It is agreed, however, that it is not the obligation of the Firm to destroy, dispose of or remove any document or documents, but merely the option of the Firm to do so if, in its sole discretion, the Firm

does not wish to store same. In cases where a significant volume of documents or copies of documents must be stored, the client authorizes the Firm to retain such storage services as are necessary, appropriate and reasonable, and to compensate the Firm for the cost of said services as part of the normal billing process. The client further acknowledges that the Firm is not responsible for the destruction or confidentiality in destruction of any documentation and that said documentation will be destroyed in any manner the Firm deems appropriate and reasonable. Further, such destruction and/or removal may occur without prior notice to the client.

18.    **Default.**    If the client fails to make any payment within thirty (30) days of billing or Court order as the case may be, or if the client fails to comply with any of the requirements contained herein, and specifically fails to cooperate in the prosecution or defense of the matter for which this retention is hand, the Firm may discontinue further representation without further notice to the client subject only tot he issue of a Court Order where necessary. Any default of the terms hereunder by the principal obligor shall be a default from the guarantor.

19.    **Attorneys' Fees.**    Should the within matter be referred to collection and/or result in litigation for the collection of fees the client shall, in addition to the 12% per annum interest assessed monthly at the rate of 1%, the Firm shall be entitled to reasonable attorneys' fees, costs and entitled disbursements, as defined herein above in paragraph #2. Further, the parties specifically agree herein that such attorneys' fees, costs, and disbursements constitute a valid cause of action in any judicial or non-judicial resolution including fee arbitration, of the claims created in favor of the Firm hereby.

20    **§342 Notice.**    In addition to separate notices explaining, *inter alia*, the differences of various chapters of the code, be advised that any person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a case under this title shall be subject to fine, imprisonment, or both and all information supplied in connection with n case under this title is subject to examination by the Attorney General.

I (WE) HAVE READ THE WITHIN AGREEMENT AND AGREE TO ITS TERMS, FURTHER THE FIRM HAS ANSWERED ALL OF OUR QUESTIONS AND FULLY EXPLAINED THE AGREEMENT AND SUPPLIED AN EXECUTED COPY. ADDITIONALLY, I HAVE RECEIVED, REVIEWED AND EXECUTED A COPY OF THE BANKRUPTCY INFORMATION AND DISCLOSURES REQUIRED BY THE BANKRUPTCY CODE

Dated: 3/20/05

_____
NAKERA SHERMAN-BELIN

Accepted by

NORGAARD, O'BOYLE & HANNON

By _____
BRIAN G. HANNON, ESQ.